IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSS J. SEGREAVES,           : | |
|     Plaintiff,           : | |
|                   : | |
| v.           : | CIVIL ACTION NO. 24-CV-4356 |
|                   : | |
| OFFICER MR. HAINES, *et al.*,  : | |
|     Defendants.           : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                    **SEPTEMBER 27, 2024**

Plaintiff Ross J. Segreaves, currently incarcerated at SCI Phoenix, initiated this civil action by filing a *pro se* Complaint against four prison employees: Corrections Officers Haines, Tomes, and Laureano, and Unit Manager Fanrall. (ECF No. 2.) He seeks leave to proceed *in forma pauperis*. (ECF No. 1, 3.) For the following reasons, the Court will grant Segreaves leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

**I.      FACTUAL ALLEGATIONS**[1]

The only facts recounted in the body of the Complaint are that Segreaves was "physically assaulted" on September 7, 2022, and "assaulted with bodily fluids" on September 10, 2022; that both assaults were captured on surveillance cameras; and that, at some unspecified time, Defendants Haines and Tomes "left their post prior to being properly relieved from the dayroom floor." (Compl. at 4-5.) The Complaint contains no allegations against Defendants Laureano and Fanrall. Segreaves attached numerous exhibits to his Complaint and wrote "please see

---

[1] The facts set forth in this Memorandum are taken from Segreaves's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

attached/enclosed" on the form Complaint in multiple places, rather than recount the facts underlying his claims. (*See id.*) Segreaves's exhibits comprise letters addressed to an attorney and grievances he apparently submitted at SCI Phoenix. (*See generally* ECF Nos. 2-1, 5.) He asserts that he received "lacerations to the wrists, hands, ear, face, and back of head," but does not state which of the two alleged assaults caused those injuries. (Compl. at 2.) He seeks "one million dollars total punitive and compensatory damages . . . for both assaults combined." (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Segreaves leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Segreaves's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Segreaves is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented

litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

Segreaves's Complaint indicates an intent to bring claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (*See* Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims

Segreaves checked the boxes on his form Complaint indicating an intent to sue all Defendants in both their individual and official capacities. (*See* Compl. at 2-3.) "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (cleaned up). Thus, official capacity claims against the individual defendants here—all of whom are employed by the Department of Corrections ("DOC")—are really claims against the DOC itself. However, the Eleventh Amendment bars suits against a state and its agencies, such as the DOC, in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Since the DOC is an agency of the Commonwealth of Pennsylvania, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). Accordingly, any claims against the Defendants in their official capacities will be dismissed with prejudice.

### B. Rule 8

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a pro se plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*,

No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).  However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").

Segreaves presented his claims by submitting a form Complaint that cross-referenced generally to his exhibits without any specific citation to a narrative of events explaining the factual basis for any legal claims.  This is not an acceptable manner of pleading a claim in federal court.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) (" While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").  Although it is apparent that Segreaves wishes to bring claims against corrections officers based on assaults upon him by other inmates, his Complaint does not

identify the facts supporting those claims. Accordingly, the Complaint fails to satisfy Rule 8 and will be dismissed without prejudice to amendment.

### C. Failure to Protect or Intervene

Because Segreaves names only corrections officers as Defendants and yet his claims appear related to assaults on him by other inmates, the most liberal construction of his pleading suggests his intent to allege that the Defendants failed to protect him from those assaults or failed to intervene to stop them.[2]

Prison officials have a duty to take reasonable measures to guarantee the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation and citation omitted). In that regard, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.

---

[2] To the extent that Segreaves's references to the Defendants' responses to his various grievances were intended to form the basis of an independent claim, such a claim would fail. (*See* Compl. at 6-7.) Section 1983 claims based generally on a defendant's handling of grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))). Nor would any allegations based on the delay or denial of "Z-code" status (*see, e.g.*, ECF No. 2-1 at 3, 6) be sufficient to state a claim to relief, as incarcerated persons do not have an inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016) (same).

To state a plausible failure to protect claim, a plaintiff must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) prison officials acted with deliberate indifference to that substantial risk of serious harm; and (3) the officials' deliberate indifference caused harm.  *See id.*; *Hamilton*, 117 F.3d at 746.  Deliberate indifference is a subjective standard.  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).  A plaintiff must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety."  *Id*. at 135.  "[I]t is not sufficient that the official should have been aware" of the excessive risk.  *Id*. at 125.  A prison officer's failure to intervene can serve as a basis for Eighth Amendment liability under § 1983 if the officer "had a reasonable opportunity to intervene and simply refused to do so."  *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).  "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene."  *Id*. at 651.  Because Segreaves alleges in his Complaint only that he was assaulted and that two corrections officers at some unspecified time abandoned their posts, he has failed to allege facts to support either a failure-to-protect or a failure-to-intervene claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Segreaves's Complaint without prejudice and grant him leave to file an amended complaint in the event that he can state a plausible claim to relief.  An appropriate Order, which provides further instruction about amendment, will be entered separately.

**BY THE COURT:**

 **/s/ John Milton Younge**
**JOHN MILTON YOUNGE, J.**
