# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROSS J. SEGREAVES,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-4356** |
| : | |
| **OFFICER MR. HAINES,** *et al.*, : | |
| Defendants. : | |

## ORDER

AND NOW, this 5th day of December, 2024, upon consideration of Plaintiff Ross J. Segreaves's Amended Complaint (ECF No. 8), Letter (ECF No. 9), Motion for Appointment of Counsel (ECF No. 10), and Request (ECF No. 11), it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons in the Court's accompanying Memorandum.

2. Segreaves may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Segreaves's claims against each defendant. **The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim**. The second amended complaint may not rely solely on exhibits to state a claim. When drafting his second amended complaint, Segreaves should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send a copy of the Amended Complaint (ECF No. 8) to Segreaves for his review, along with a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Segreaves may use this form to file his second amended complaint if he chooses to do so.

4. If Segreaves does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pleaded, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Segreaves fails to file any response to this Order, the Court will conclude that Segreaves intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F.

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

      6.      The Motion for Appointment of Counsel (ECF No 10) is **DENIED WITHOUT PREJUDICE** to renewal after the Court conducts statutory screening of any second amended complaint that Segreaves may file.

      **BY THE COURT:**

        /s/ John Milton Younge
      **JOHN MILTON YOUNGE, J.**

---

App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*); *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").